

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

*610 Federal Plaza
Central Islip, New York 11722*

CCC:APW:ss
F. #2021R00258

November 19, 2021

<u>By FedEx and ECF</u>

Elizabeth E. Macedonio, P.C.
52 Duane Street, 7th Floor
New York, NY 10007

      Re:    <u>United States v. William Maxwell
                  Criminal Docket No. 21-452 (JS)</u>

Dear Counsel:

      Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure, items Bates numbered 000001 through 000847, 000951 through 001494 and WM 0000001 through WM 000033. Also enclosed is an index of the discovery. The index will not be filed electronically. The government also requests reciprocal discovery from the defendant.

I.     <u>The Government's Discovery</u>

    A.     <u>The Defendant's Criminal History</u>

      The defendant's criminal history is attached, Bates numbered WM 00001 through WM 00005.

    B.     <u>Documents and Tangible Objects</u>

      You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

    C.     <u>Reports of Examinations and Tests</u>

      Reports from the Office of the Medical Examiner of Suffolk County are enclosed, Bates numbered 002066 through 002074 and 002080 through 002212. The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

D. <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

E. <u>Brady Material</u>

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

F. <u>Other Crimes, Wrongs or Acts</u>

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II. <u>The Defendant's Required Disclosures</u>

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. <u>See</u> Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and

705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III. Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during his/her period of incarceration at a BOP facility (collectively, "BOP email communications"). While it is the government's position that BOP email communications, including those between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals by as soon as possible. To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorneys with the list of email addresses in the body of the email. If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV. Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer,"

as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

> Very truly yours,
>
> BREON PEACE
> United States Attorney
>
> By: /s/ Christopher C. Caffarone
> Christopher C. Caffarone
> Andrew P. Wenzel
> Assistant U.S. Attorneys
> (631) 715-7868/7832

Enclosures
cc: Clerk of the Court (JS) (by ECF) (without enclosures)