NB:APW
F. #2021R00258

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>- - - - - - - - - - - - - - - - - - - - - - - - - - X<br><br>UNITED STATES OF AMERICA<br><br>  - against -<br>WILLIE JUNIOR MAXWELL II, also<br>     known as "Fetty Wap," also known<br>     as Willie Junior Maxwell<br><br>                Defendant.<br><br>- - - - - - - - - - - - - - - - - - - - - - - - - - X | **TO BE FILED UNDER SEAL**<br><br>AFFIDAVIT IN SUPPORT OF<br>THE GOVERNMENT'S<br><u>MOTION TO REVOKE BAIL</u><br><br>21-CR-00452(JS)(SIL) |

EASTERN DISTRICT OF NEW YORK, SS:

        DEREK WONDERLAND, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigations ("FBI"), duly appointed according to law and acting as such.

        For the reasons set forth below, there is probable cause that on December 11, 2021, within the Eastern District of New York and elsewhere, the defendant WILLIE JUNIOR MAXWELL II, also known as "Fetty Wap," also known as "Willie Junior Maxwell," possessed a firearm and intentionally placed another person in reasonable fear of physical injury by displaying a firearm, in violation of state law. There is also clear and convincing evidence that on December 11, 2021, within the Eastern District of New York and elsewhere, the defendant WILLIE JUNIOR MAXWELL II, also known as "Fetty Wap," also known as "Willie Junior Maxwell," did knowingly violate the conditions of his release pending trial in the case <u>United States v. Leonardi, et al.</u>, 21-CR-00452(JS)(SIL), in that the defendant

knowingly and intentionally possessed a firearm and threatened an individual, in violation of this Court's order of November 5, 2021.

(Title 18, United States Code, Section 3148(b)(1))

The source of your deponent's information and the grounds for his belief are as follows:[1]

A. <u>INTRODUCTION</u>

1.  I have been a Special Agent with the FBI for more than nine years. I have been assigned the investigation of the defendant in the above-captioned matter. The allegations set forth below are based on my interviews of witnesses, review of documentary evidence, and from witness interviews and evidence provided to me by other special agents of the FBI, and other law enforcement agencies in the United States. As set forth more fully below, on December 11, 2021, the defendant WILLIE JUNIOR MAXWELL II, also known as "Fetty Wap," also known as "Willie Junior Maxwell," possessed a firearm and threatened an individual, in violation of state law and this Court's order that the defendant must not possess a firearm.

2.  On September 29, 2021, a federal grand jury in the Eastern District of New York returned an indictment charging the defendant WILLIE JUNIOR MAXWELL II, also known as "Fetty Wap," also known as "Willie Junior Maxwell," with conspiracy to distribute and possess controlled substances, in violation of Title 21, United States Code, Sections 846. On October 29, 2021, the defendant was arrested arraigned on that indictment.

---

[1] Because the purpose of this Affidavit is to state only sufficient facts to support the motion for the issuance of an arrest warrant pursuant to 18 U.S.C. § 3148(b), I have not set forth herein all of the relevant facts and circumstances of which I am aware.

3. On November 5, 2021, the Court released the defendant WILLIE JUNIOR MAXWELL II, also known as "Fetty Wap," also known as "Willie Junior Maxwell," on a $500,000 bond signed by the defendant and three other signees. (A copy of the order setting the conditions of release, dated November 5, 2021, is attached hereto as Exhibit 1.) The bond is secured by the defendant's property in Stockbridge, GA. (Id.) The Court imposed the following conditions on the defendant's pretrial release: (1) The defendant must not violate any federal, state or local law while on release, and (2) the defendant must not possess a firearm, destructive device, or other weapon. (Id.).

<u>MAXWELL'S VIOLATIONS OF THE CONDITIONS OF RELEASE</u>

4. Evidence of the defendant's violation of the conditions of his release are based upon a video-recording of a FaceTime call between the defendant and John Doe. According to John Doe, the Facetime call occurred on December 11, 2021, and in the call the defendant possessed a gun, threatened to kill him, and called an individual a "rat," despite the fact that this was a direct violation of both state law and the conditions of his release.

5. Specifically, on or about December 11, 2021, John Doe was on a FaceTime call with the defendant WILLIE JUNIOR MAXWELL II, also known as "Fetty Wap," also known as "Willie Junior Maxwell." The government received a video-recording of this FaceTime call. (A copy of the video recording of the FaceTime call is attached hereto as Exhibit 2). During this video, the defendant is shown holding a gun and pointing it towards John Doe. (Id.). The defendant then says to John Doe "Imma kill you and everybody you with," which he then repeats one more time. (Id.). The defendant then continues to threaten John Doe, saying "I'm gonna kill you," a threat which he repeats several more times throughout

the video call (Id.). Additionally, after John Doe called the defendant a rat, the defendant responded by saying, "Your man is a rat." (Id.)  Screenshots of the defendant displaying a firearm are below:



WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant WILLIE JUNIOR MAXWELL II, also known as "Fetty Wap," also known as "Willie Junior Maxwell," so that he may be dealt with according to law.

Because disclosure of the contents of this Affidavit would jeopardize an ongoing investigation and threaten the safety of witnesses, it is further requested that this Affidavit and the Arrest Warrant be filed under seal and remain under seal until further order of the Court.

Derek Wonderland
Special Agent
Federal Bureau of Investigation

Sworn to before me this
2nd day of August, 2022

THE HONORABLE JOANNA SEYBERT
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

NB:APW
F: 2021R00258

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA

    - against -

WILLIE JUNIOR MAXWELL II,
    also known as "Fetty
    Wap," also known as
    "Willie Junior Maxwell"
        Defendant.

GOVERNMENT'S EX PARTE
MOTION TO REVOKE BAIL

21-CR-00452(JS)(SIL)

- - - - - - - - - - - - - - - - - -X
EASTERN DISTRICT OF NEW YORK:

        Andrew P. Wenzel, being duly sworn, deposes and says:

        1.   I am an Assistant United States Attorney for the Eastern District of New York.

        2.   This application is in support of a motion for revocation of the above-referenced defendant's pretrial release pursuant to Title 18, United States Code, Section 3148(b)(1).  That Section provides in relevant part:

> The attorney for the Government may initiate a proceeding for revocation of and order of release by filing a motion with the district court.  A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. * * * The

>> judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer–
> (1) finds that there is—
>> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>> (B) clear and convincing evidence that the person has violated any [] condition of release and
> (2) finds that—
>> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>> (B) the person is unlikely to abide by any condition or combination of conditions of release.

> 3. The government submits that based on the evidence set forth in the Affidavit In Support of the Government's Motion For Revocation of Bail by Special Agent Derek Wonderland of the FBI, there is sufficient evidence for this Court to find, following a hearing, that (a) there is probable cause that the defendant committed a crime in violation of state law by possessing a firearm and threatening an individual while displaying a firearm, (b) there is clear and convincing evidence that the defendant possessed a firearm and threatened an individual in violation of the Court's order of November 5, 2021 granting bail, (c) there are

no conditions or combination of conditions that will assure that the defendant will not pose a danger to the safety of any other person or the community, and/or (d) the defendant is unlikely to abide by any conditions of release.

WHEREFORE, Your applicant requests that an arrest warrant be issued;

IT IS FURTHER REQUESTED that this Motion and accompanying Affidavit remain under seal until the execution of said warrant and until ordered un-sealed by this Court.

*Andrew P. Wenzel*
Andrew P. Wenzel
Assistant U.S. Attorney

Sworn to before me this
\_\_\_ of August, 2022

_____
THE HONORABLE JOANNA SEYBERT
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

# Exhibit 1

Case 2:21-cr-00452-JS-SIL Document 153 Filed 08/25/22 Page 10 of 13 PageID #: 1446

Order Setting Conditions of Release (rev. 10/21)     Page 1

# UNITED STATES DISTRICT COURT
## Eastern District of New York

United States of America

- v -

Willie Junior Maxwell, II
*Defendant*

Case No.: 21-cr-0452 (JS)(SIL)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 05 2021 ★
LONG ISLAND OFFICE

## ORDER SETTING CONDITIONS OF RELEASE AND BOND

It is hereby ordered that the above-named defendant be released, subject to the standard conditions of release on page 3, and

[ ] Upon a **Personal Recognizance Bond** on the defendant's promise to appear at all scheduled proceedings as required.
[X] Upon an **Appearance Bond** executed by defendant in the amount of $ 500,000.00 , and secured by
    [X] financially responsible sureties;
    [X] collateral set forth below.

## ADDITIONAL CONDITIONS OF RELEASE

The Court, finding that release under the standard conditions of release on page 3 will not by themselves reasonably assure the appearance of the defendant and/or the safety of other persons and the community, further orders the following conditions:

[X] 1. The defendant must remain in, and may not leave, the following areas without Court permission:
    [X] Long Island, NY; [X] New York City; [ ] New York State; [X] New Jersey;
    [X] Other: May travel for professional tours, with prior approval from the Government + Pretrial

[X] 2. The defendant shall avoid all contact with the following persons or entities:
Codefendants, unless with counsel, and witnesses or potential witnesses

[ ] 3. The defendant must avoid, and not go to, any of the following locations: _____

[X] 4. The defendant must immediately surrender all passports to the Pretrial Services Department and may not obtain other passports or any other international travel documentation.

[X] 5. The defendant is placed under the supervision of the Pretrial Services Department with the following conditions:
    [X] a. The defendant is subject to random visits by a Pretrial Services Officer at the place residence and/or employment.
    [X] b. The defendant must report:
        [X] as directed by the Pretrial Services Department.
        [ ] in person ___ times per ___.
        [ ] by telephone ___ times per ___.
    [X] c. The defendant must undergo substance abuse (including alcoholism) testing, evaluation, and/or treatment.
    [ ] d. The defendant must undergo mental health testing, evaluation, and/or treatment.
    [X] e. The defendant is subject to the following location restriction program and must comply with all of its requirements: *(see below)*
        [ ] Curfew: The defendant restricted to the place of residence every day
            [ ] from ___ to ___.
            [ ] as directed by the Pretrial Services Department.
        [ ] Home Detention: The defendant is restricted to the place of residence at all times except for employment, education, religious services, medical/substance abuse/mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities approved in advance by the Pretrial Services Department.
        [ ] Home Incarceration: The defendant is restricted to 24-hour-a-day lock-down at the place of residence except for medical necessities, court appearances, or other activities specifically approved by the Court.
    [ ] f. Defendant must pay all, or part of, the cost of any required testing, evaluation, treatment and/or location monitoring with personal funds, based upon the defendant's ability to pay as determined by the Court and/or the Pretrial Services Department, and/or from any available insurance.

[ ] 6. See attached Supplemental Conditions of Release in cases subject to Pub. L. No. 109-248.
[X] 7. Other Conditions of Release:

Must maintain address as approved by Pretrial Services.
Defendant subject to stand-alone GPS monitoring.

Case 2:21-cr-00452-JS-SIL Document 153 Filed 08/02/22 Page 11 of 13 PageID #: 447
Case 2:21-cr-00452-JS-SIL Document 111 Filed 11/05/21 Page 2 of 3 PageID #: 147

Order Setting Conditions of Release (rev. 10/21)                                                       Page 2

## APPEARANCE BOND

    I/We, the undersigned defendant and each surety who signs this bond, acknowledge that I/we have read this Appearance Bond and have either read all other conditions of release or have had those conditions explained to me/us. I/we further acknowledge that I/we, jointly and severally, are bound to pay to the United States of America the sum of $ __500,000.00__ and that this obligation is secured with the interest in the following property(ies) ("Collateral") which I/we represent is/are free and clear of liens, except as otherwise indicated. I/we, as the owner(s) of the Collateral, agree not to sell the property(ies), allow further claims or encumbrances to be made against it/them, or do anything to reduce its/their value while this Appearance Bond is in effect.

[ ] Cash deposited in the Registry of the Court the sum of $ _____

[X] Premises located at: _____, Stockbridge, GA 30281
     Owned by: Willie Junior Maxwell, II

[ ] Premises located at: _____
     Owned by: _____

[ ] Premises located at: _____
     Owned by: _____

[ ] Premises located at: _____
     Owned by: _____

[X] I/We also agree to execute a Confession of Judgment, mortgage, or lien in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before __11/12/21__.

[ ] See attached Additional Sureties and Property to be Posted page.

    **Forfeiture of the Bond:** This Appearance Bond may be forfeited if the defendant fails to comply with any of the conditions set forth above and on the reverse. The defendant and any surety who has signed this form also agree that the court may immediately order the amount of the bond surrendered to the United States, including any security for the bond, if the defendant fails to comply with the above agreement. The court may also order a judgment of forfeiture against the defendant and against each surety for the entire amount of the bond, including any interest and costs.

Surety Signature: _[signed]_    Address: Fort Lee, NJ    Date: 11/5/21
Print: Kevona Martinez

Surety Signature: _[signed]_    Address: Paterson, NJ    Date: 11/5/21
Print: Divinity Maxwell

Surety Signature: _[signed]_    Address: North Arlington, NJ    Date: 11/5/21
Print: An'Tavia S Maxwell

Surety Signature: _____    Address: _____    Date: _____
Print: _____

Surety Signature: _____    Address: _____    Date: _____
Print: _____

    I HEREBY ACKNOWLEDGE THAT I AM THE DEFENDANT IN THIS CASE. I FURTHER ACKNOWLEDGE THAT I AM AWARE OF ALL OF THE CONDITIONS OF RELEASE AND ALL OF THE PENALTIES/SANCTIONS SET FORTH IN THIS ORDER, AND ANY ATTACHMENTS, IF I VIOLATE ANY OF THOSE CONDITIONS.

_[signed]_
Defendant Signature

Release of the Defendant is hereby ordered on: __11/5/21__

_[signed]_
Joanna Seybert, Senior US District Judge

## STANDARD CONDITIONS OF RELEASE

It is hereby ordered that the defendant is subject to these standard conditions of release:
(1) The defendant must not violate any federal, state or local law while on release.
(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.
(3) The defendant must advise the Court, the Pretrial Services Department, defense Counsel and the U.S. Attorney in writing before making any change in address or telephone number.
(4) The defendant must appear in court as required and must surrender for service of any sentence imposed as directed.
(5) The defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(6) If the defendant fails to report as required to the Pretrial Services Department, the defendant may be subject to such random visits at the place residence or employment by a Pretrial Services Officer as may be necessary to verify the defendant's place of residence or employment in order to secure compliance with this order of release.
(7) The defendant must not possess a firearm, destructive device, or other weapon.

## SPECIAL CONDITIONS OF RELEASE
## FOR TESTING, TREATMENT OR EVALUATION AND FOR LOCATION MONITORING

It is hereby ordered that the defendant is subject to these special conditions of release, if the defendant is ordered to undergo testing/evaluation/treatment for mental health and/or substance abuse, including alcoholism:
(1) If the defendant fails to appear for any specified treatment or evaluation, the defendant may be subject to random visits at the place of residence or employment by a Pretrial Services Officer as may be necessary to verify the defendant's place of residence or employment in order to secure compliance with this order of release.
(2) The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing, as determined by the Pretrial Services Department.
(3) If the defendant is subject to a location restriction program or location monitoring, defendant must:
    (a) Stay at the place of residence at all times except for approved activities and may not leave for approved activities without providing prior notice to the Pretrial Services Department, except in cases of medical emergencies.
    (b) Abide by all program requirements and instructions provided by the Pretrial Services Department relating to the operation of monitoring technology. Unless specifically ordered by the Court, the Pretrial Services Department may require use of one of the following or comparable monitoring technology: Radio Frequency (RF) monitoring; Passive Global Positioning Satellite (OPS) monitoring; Active Global Positioning Satellite (OPS) monitoring (including "hybrid" (Active/Passive) OPS); Voice Recognition monitoring.

## FORFEITURE OF THE BOND

This appearance bond may be forfeited if the defendant does not comply with the conditions of release set forth in this Order. The Court may immediately order the amount of the bond and any Collateral surrendered to the United States if the defendant does not comply with the agreement. At the request of the United States, the Court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

## RELEASE OF THE BOND

This bond may be terminated at any time by the Court. This bond will be satisfied, and the security will be released when either:
(1) the defendant is found not guilty on all charges, or
(2) the defendant reports to serve a sentence.

## ADVICE OF PENALTIES AND SANCTIONS TO THE DEFENDANT

The defendant is advised that violating any of the foregoing conditions of release may result in the immediate issuance of a warrant of arrest, a revocation of the order of release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if the defendant commits a federal felony offense, the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence defendant may receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant: or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, the defendant knowingly fails to appear as the conditions of release require, or to surrender to serve a sentence, the defendant may be prosecuted for failing to appear or surrender and additional punishment may be imposed, whether or not the defendant is convicted of the pending charges. If the defendant is convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – the defendant will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – the defendant will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – defendant will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – defendant will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence imposed. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

# Exhibit 2